# BURSOR & FISHER
### P.A.

**1990 N. CALIFORNIA BLVD., SUITE 940**
**WALNUT CREEK, CA 94596**
www.bursor.com

**THOMAS A. REYDA**
Tel: **925.300.4455**
Fax: **925.407.2700**
treyda@bursor.com

August 9, 2018

*Via ECF*

The Honorable William H. Alsup
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Jeremiah Revitch v. Citibank, N.A.*, Case No. 3:17-cv-06907-WHA

Dear Judge Alsup,

  This letter responds to Defendant's August 8, 2018 letter notifying the Court that Defendant will not produce documents by the August 8, 2018 deadline.  As a general principle, Plaintiff does not object to a reasonable extension of time to complete production <u>if</u> Defendant can commit to a date certain for production <u>and</u> there is a corresponding extension of the deadline for class certification to avoid prejudice to Plaintiff.  Defendant's letter makes no such commitment and proposes no such extension.  Defendant also does not disclose other facts that raise a concern that its request for extension is a prelude to further delay.

  First, three hours after the Court ordered Defendant to produce all documents on August 1, 2018, Defendant's counsel for the first time demanded information concerning Plaintiff's counsel's data security measures and insurance for data breaches.  The parties promptly met-and-conferred the following day.  Defendant's counsel could not explain why he did not raise the issue at the hearing or when the parties agreed on a stipulated protective order.  He also would not say whether Defendant would comply with the Court's order without the information.  Defendant's counsel later repeated Defendant's newly-raised demand for insurance information the day before production was due, citing no authority that the information is required for production.

  Second, it was not until 4 p.m. on Monday, August 6—less than 48 hours before the production deadline—that Defendant disclosed to Plaintiff that it would not produce the documents on time.  Defendant could not propose an alternative date for production at that time.  If Defendant had been acting in good faith to produce responsive documents by the deadline prior to August 6, presumably it would at least be able to propose a date certain for production.  After Plaintiff's counsel said they would be forced to move to enforce the Court's August 1, 2018 order this week, Defendant <u>tentatively</u> proposed a production schedule, adding that if Plaintiff would not agree with Defendant's tentative proposal, "we can engage in months of discovery disputes."

      In short, Plaintiff requests that if the Court permits any further delay in the production of documents, it makes a corresponding adjustment to the class certification deadline to avoid prejudice to Plaintiff.  Plaintiff also asks the Court to overrule Defendant's belated objections concerning Plaintiff's data security measures and insurance, which furnish no legal basis to withhold documents.

      Very truly yours,

      Thomas A. Reyda
      Counsel for the Plaintiff