# BURSOR & FISHER
P.A.

**1990 N. CALIFORNIA BLVD., SUITE 940**
**WALNUT CREEK, CA 94596**
**www.bursor.com**

**THOMAS A. REYDA**
Tel: **925.300.4455**
Fax: **925.407.2700**
**treyda@bursor.com**

October 9, 2018

*Via ECF*

The Honorable William H. Alsup
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: ***Jeremiah Revitch v. Citibank, N.A.***, **Case No. 3:17-cv-06907-WHA**

Dear Judge Alsup,

  I write pursuant to paragraph 34 of your Supplemental Order seeking to compel Defendant Citibank, N.A. ("Defendant") to promptly produce all documents it intends to rely on to support its Second Affirmative Defense of consent. Defendant agreed to produce these documents on July 17, 2018, but has not yet done so, and will not commit to any date certain when it will.

  Defendant's Second Affirmative Defense states: "Plaintiff and any person he purports to represent are barred, in whole or in part, from maintaining the alleged claims to the extent Plaintiff and any person he purports to represent provided "prior express consent" within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") for all calls allegedly placed by Citibank." Apr. 4, 2018 Answer, ¶ 44 (Doc. No. 26). Consent "is an affirmative defense for which the defendant bears the burden of proof." *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017).

  Plaintiff's Request for Production No. 16 asks Citibank to produce: "All Documents relating to or supporting the Second Affirmative Defense alleged in your April 4, 2018 Answer in this action." Plaintiff later clarified that the request is intended to only seek documents that Defendant intends to rely on in support of its affirmative defense of consent.

  Defendant first objected and refused to produce any documents pertaining to class members, including those related to its affirmative defense of consent. On July 11, 2018, Plaintiff filed a discovery letter seeking an order compelling production of all documents withheld on the basis of that objection. (Doc. No. 38). The Court then ordered the parties to attend a two-hour meet and confer, and held a discovery conference that same day. (Doc. No. 39). At that meet-and-confer, Plaintiff's counsel's understanding was that Defendant agreed to produce documents it intends to rely on in support of its Second Affirmative Defense.

By October 3, 2018, however, it was unclear whether Defendant had produced all such documents. The parties met and conferred on October 4, 2018, at which point Defendant's counsel could not confirm that Defendant had produced all responsive documents, and indicated there may be documents that had not yet been produced. After the call, Plaintiff's counsel sent a follow up email stating:

> I asked Citibank again to produce all documents it intends to rely on to support its Second Affirmative Defense. If Citibank has already produced such documents, please respond to this email saying that is the case. If not, please produce the documents on Monday COB.

Defendant's counsel did not respond to that request. On October 5, 2018, Plaintiff's counsel again asked, "please let me know if Citibank will produce today all documents it contends support its Second Affirmative Defense, or whether Citibank has already produced all such documents."

Defendant's counsel responded by saying "we continue to perform additional research to identify other relevant documents and/or information; that search is ongoing." On October 8, 2018, Defendant produced some documents that are potentially responsive to Plaintiff's Request for Production No. 16 (as well as several other requests). When asked to commit to a date certain to produce all documents supporting its Second Affirmative Defense, counsel for Defendant would not do so, and indicated that Defendant would "supplement as appropriate" at some unspecified time. A statement that a party will provide documents on a "rolling basis" or at an unspecified time is inadequate. *Tierno v. Rite Aid Corp.*, 2008 WL 3287035, at *4 (N.D. Cal. July 31, 2008) ("Judge Larson found that rolling production is not satisfactory and that Rite Aid shall provide Plaintiff with a date or dates for production of documents responsive to specific requests."); *Navarro v. Gen. Nutrition Corp.*, 2004 WL 2648373, at *26 (N.D. Cal. Nov. 19, 2004) ("it was not enough for GNC to simply promise a rolling production . . . .").

Defendant presumably asserted the affirmative defense of consent in good faith, and therefore must know which documents it intends to rely on to support that defense. There is no reason why it would take months to identify and produce the documents, other than to sandbag Plaintiff with previously undisclosed documents when opposing class certification.

Accordingly, Plaintiff respectfully asks the Court to compel production of all documents Defendant intends to rely on in support of its Second Affirmative Defense no later than October 12, 2018.

Very truly yours,

Thomas A. Reyda
Counsel for the Plaintiff