# Ballard Spahr LLP

2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
TEL 424.204.4400
FAX 424.204.4350
www.ballardspahr.com

Marcos D. Sasso
Tel: 424.204.4324
sassom@ballardspahr.com

October 15, 2018

*Via ECF*

The Honorable William H. Alsup
U.S. District Court for the Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Re   Jeremiah Revitch ("Plaintiff") v. Citibank, N.A. ("Citibank")
     Case No. 3:17-cv-06907-WHA

Dear Judge Alsup:

This responds to Plaintiff's October 9, 2018 letter (the "Letter") regarding the request to compel production of documents relating to Citibank's Second Affirmative Defense of consent. The Letter is predicated on Plaintiff's Request for Production 16, which seeks "all documents relating to or supporting" Citibank's affirmative defense of consent. Plaintiff's request should be denied.

Quite simply, there is no discovery dispute for the Court to resolve. Citibank **has produced all of the relevant documents it has identified to date** relating to or supporting the defense of consent, including approximately 1,500 pages of documents and nearly 3 terabytes of customer data. The non-expert discovery cutoff is January 11, 2019. Citibank is in the process of analyzing underlying customer account records for all accounts associated with a random sample set of 400 phone numbers. These are phone numbers identified from the customer data **produced by Citibank on September 25, 2018**, in accordance with the Court's August 1, 2018 Order re Discovery Dispute (the "Order") (Doc. No. 52). The 400 phone numbers may be associated with multiple accounts. Citibank's preliminary estimate is that the total sample set will exceed 1,000 accounts.

Identifying and pulling underlying records for individual accounts must be done manually on an account-by-account basis. This entails, among other things, pulling customer service and collection notes and records from different systems of record depending upon the account type, as well as applications and correspondence, where available. Each of these records must be pulled manually from different sources. Where the phone number is associated with multiple accounts, the same process must be done for each account associated with the phone number; it cannot be done by an automated process. Finally, once the records are available, additional time is needed for experts to review and evaluate the records. At this time, Citibank does not have an estimate for when the records will be available. However, Citibank is working diligently to identify and pull the underlying records. Citibank has agreed to produce the records as soon as possible.

DMWEST #18143678 v8

The Honorable William H. Alsup
October 15, 2018
Page 2

The analysis of the account level records is critical and must be completed.  A class action is only a procedural devise that aggregates claims of individual plaintiffs and cannot "abridge[e] the substantive rights of any party." Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc., 601 F.3d 1159, 1176 (11th Cir. 2010).  As a result, a "defendant in a class action has a due process right to raise individual challenges and defenses to claims, and a class cannot be certified in a way that eviscerates this right or masks individual issues." Carrera v. Bayer Corp., 727 F.3d 300, 307 (3d Cir. 2013).  This is critical because "[w]hether established by [Citibank] as an affirmative defense or by [Plaintiff] as an element of the cause of action, *the issue of consent will entirely determine how the proposed class-action trial will be conducted on the merits*." Gene & Gene LLC v. BioPay LLC, 541 F.3d 318, 327 (5th Cir. 2008) (emphasis added).

Citibank is prepared to challenge both class certification, and liability, on the grounds that individual mini-trials must be completed with respect to each telephone number to establish consent, as well as whether consent was withdrawn or changed.  This, of course, must be considered in the context of the fact that Citibank calls phone numbers provided by its customers, and each customer is obligated under Citibank's arbitration agreement to resolve claims in individual arbitration, not as part of a class action.  Thus, Citibank customers bound by the arbitration agreement may not be members of a certified class.  See, e.g., Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 725 n.5 (11th Cir. 1987); Lozano v. AT & T Wireless Servs., Inc., 504 F.3d 718, 728 (9th Cir. 2007).

To date, Plaintiff has never articulated any theory for demonstrating how calls to non-customers can be identified, or lack of consent can be established, through common evidence.  While Citibank anticipates that Plaintiff will propose a methodology in connection with his class certification motion, Citibank cannot be foreclosed from continuing to analyze the recently-produced data to formulate its defenses, including in response to Plaintiff's motion.  Citibank is proceeding with this analysis in support of its defenses both to class certification and the merits.  Any attempt by Plaintiff to arbitrarily cut-off Citibank's ability to analyze the recently-produced data and/or rely upon any documents or information identified from the sampling violates Citibank's due process rights.

Any issue with respect to timing is of Plaintiff's own doing.  After receiving the Order, Citibank advised Plaintiff's counsel and the Court that due to the anticipated enormous size of the data to be produced, Citibank estimated that it could take up to 30 days to complete the production.  Citibank proposed that the parties agree to a sampling of the data in order to facilitate the production and proposed that Plaintiff could (within reason) set the parameters of that sampling.  Plaintiff refused.  As a result, Citibank proceeded with completing the production required by the Order.  Given the size of the data, Citibank was unable to complete the production until September 25, 2018.  Citibank is analyzing records relating to phone numbers identified from the data set produced on September 25, 2018.  Had Plaintiff's counsel cooperated in August and proposed a sampling as Citibank invited them to do, there would not be the same schedule pressure that the parties currently face.  Notwithstanding that Plaintiff has put himself in this position, Citibank does not oppose an extension of the current schedule.

The Honorable William H. Alsup
October 15, 2018
Page 3

Based on the foregoing, Citibank respectfully requests that Plaintiff's request for relief as stated in the Letter be denied.

Respectfully submitted,

Marcos D. Sasso
Counsel for Defendant Citibank, N.A.


cc:    Daniel JT McKenna, Esq.
        Joel Smith, Esq.
        Thomas Reyda, Esq.

DMWEST #18143678 v8