IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEREMIAH REVITCH, on behalf of
himself and all others similarly situated,

    Plaintiff,

  v.

CITIBANK, N.A.,

    Defendant.

No. C 17-06907 WHA

**ORDER DENYING MOTION FOR DISCOVERY SANCTIONS**

## INTRODUCTION

In this putative class action under the Telephone Consumer Protection Act, plaintiff moves to strike defendant's affirmative defense for failure to timely produce discovery. For the following reasons, the motion is **DENIED**.

## STATEMENT

Plaintiff Jeremiah Revitch filed this putative class action in December 2017, alleging that defendant Citibank, N.A. called him at least five times on his cell phone using an autodialer and/or an artificial or prerecorded device despite plaintiff not being a Citibank customer. In its April 2018 answer to the complaint, defendant asserted an affirmative defense of "consent," claiming that plaintiff and the putative class were barred from bringing a TCPA claim to the extent they provided "prior express consent" to defendant's calls (Dkt. Nos. 1, 26).

In September 2018, after plaintiff succeeded in moving to compel its production, defendant produced between two and three terabytes of customer data relevant to its consent

1 defense. From that data, defendant selected a sample set of more than 400 phone numbers
2 (associated with more than 1,300 customer accounts) from which to analyze the underlying
3 account records in connection with defendant's defense. During a discovery hearing on
4 October 17, defendant agreed to produce these account records — which it intended to rely on
5 in support of its defense of consent — by November 9. The undersigned judge so ordered (Dkt.
6 Nos. 71, 82-1 ¶¶ 11–12).

7 Despite defendant's agreement to do so, it failed to meet the deadline. Rather, on
8 November 9, defendant filed a letter brief explaining that it had completed its collection of the
9 account records at issue but that an additional week was needed to redact personally identifiable
10 information. Three days later, on November 12, plaintiff filed the instant motion to strike
11 defendant's affirmative defense of consent and to exclude all evidence offered in support of that
12 defense for failure to meet the November 9 production deadline. On November 16, a week after
13 the agreed-upon deadline, defendant produced the documents, having spent approximately
14 $60,000 for an outside vendor to complete the redactions on an expedited basis (Dkt. Nos.
15 78–79).

16 This order follows full briefing. Pursuant to Civ. L.R. 7-1(b), this order finds the motion
17 suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for
18 December 20.

### ANALYSIS

**1. THE OCTOBER 17 DISCOVERY ORDER.**

21 Pursuant to FRCP 37(b)(2)(A), if a party fails to obey a discovery order, the district
22 court "may issue further just orders," including an order "prohibiting the disobedient party from
23 supporting or opposing designated claims or defenses, or from introducing designated matters in
24 evidence." Defendant's one-week delay in producing documents that plaintiff knew were
25 coming down the pike does not warrant plaintiff's requested relief of striking defendant's
26 affirmative defense and excluding supporting evidence.

27 While defendant's consent defense seems to be one of the key issues at play in this case,
28 plaintiff has not shown any harm resulting from defendant's failure to produce the documents a

week earlier. To be sure, plaintiff's expert had less time with the documents before plaintiff filed his motion for class certification. Nevertheless, plaintiff had the documents for nearly two weeks prior to the class certification deadline. Although noting that he had *less* time, plaintiff does not assert that he lacked *sufficient* time to analyze the documents. To the extent plaintiff claims to have been prejudiced by changes to the scheduling order, this order disagrees. Plaintiff himself asked for and agreed to such extensions (*see* Dkt. Nos. 64, 81).

**2. DEFENDANT'S INITIAL DISCLOSURES.**

FRCP 26(a)(1)(ii) requires a party to include with its initial disclosures "a copy — or a description by category and location — of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FRCP 37(c)(1) provides that if a party fails to provide information required by FRCP 26(a), that "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In addition, the district court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure."

Defendant served initial disclosures in May 2018 and first amended initial disclosures in June 2018. Those disclosures did not identify the documents at issue here (Dkt. No. 79-1). Defendant argues that the documents were not included in its initial disclosures because defendant did not identify them until September 2018. Plaintiff disputes this characterization, arguing that defendant "always had its call logs and customer data" (Dkt. No. 85 at 3). In any event, FRCP 37(c)(1) exempts a party from sanctions where failure to provide the information was harmless. For the same reasons explained above, such is the case here.

**3. ATTORNEY'S FEES.**

Plaintiff also moves for attorney's fees pursuant to FRCP 37(b)(2)(C), which directs district courts to order a "disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with the order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." On November 6, defendant hired an outside team of fifty reviewers to redact highly-

3

sensitive information (such as social security numbers and account passwords) from voluminous documents on an expedited basis.  Moreover, on November 9 (prior to plaintiff filing the instant motion), defendant informed the Court of its need for a one-week extension of time.  Under the circumstances, the one-week delay was substantially justified.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for discovery sanctions is **DENIED**.  The December 20 hearing is **VACATED**.  Defendant shall ensure its compliance with all deadlines going forward.

**IT IS SO ORDERED.**

Dated: December 12, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE