IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEREMIAH REVITCH, on behalf of
himself and all others similarly situated,

    Plaintiff,

  v.

CITIBANK, N.A.,

    Defendant.

No. C 17-06907 WHA

**ORDER RE MOTIONS
TO FILE UNDER SEAL**

    In our circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). To seal records in connection with a "dispositive" motion, or one "more than tangentially related to the merits of a case," requires "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *See id.* at 1178–79 (quotations and citations omitted). A particularized showing of "good cause" under FRCP 26(c), however, suffices to warrant sealing in connection with a non-dispositive motion. *Id.* at 1179–80.

    Our court of appeals has not ruled on whether a motion for class certification is more than tangentially related to the merits for the purposes of determining whether the compelling reasons standard applies. "[M]ost district courts to consider the question," however, "have found that a motion for class certification is more than tangentially related to the underlying cause of action and therefore merits application of the compelling reasons standard. *Philips v. Ford Motor Co.*, No. C 14-02989 LHK, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (Judge Lucy Koh). Here, it is certainly the case that the issues raised at class certification were

intertwined with the merits of the action, and therefore this order applies the compelling reasons standard.

Civil Local Rule 79-5 requires that administrative motions to file under seal be accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." In our district, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Moreover, administrative motions to file under seal must "be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5. Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard, especially in light of all the information that has already become public over the course of this litigation via court filings, orders, and public hearings.

With these principles in mind, this order **GRANTS IN PART AND DENIES IN PART** the parties' administrative motions as stated in the tables below. To the extent their motions are denied, each movant shall file revised versions of their documents consistent with this order on the public docket by **MAY 24 AT NOON**.

\*         \*         \*

1. **PLAINTIFFS' ADMINISTRATIVE MOTIONS TO SEAL.**

| DKT. NO. | DOCUMENT SOUGHT TO BE SEALED | RULING |
|---|---|---|
| 83 | (i) Exhibits 10–22 to the declaration of Attorney Thomas Reyda; and<br><br>(ii) associated portions of plaintiff's motion for class certification. | Compelling reasons warrant the sealing of customer account numbers, phone numbers, and names contained in these documents. To this extent only, this request is **GRANTED**. The request to seal these documents is otherwise **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "relate to, and include . . . internal, non-public" information. Moreover, this request has not been narrowly tailored as required by Civil Local Rule 79-5. |

2

| | | |
|---|---|---|
| | (i) Exhibits C–H to the declaration of Randall Snyder;<br><br>(ii) associated portions of the declaration of Randall Snyder; and<br><br>(iii) associated portions of plaintiff's motion for class certification. | The request to seal these documents is **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "relate to, and include . . . internal, non-public" information. Moreover, this request has not been narrowly tailored as required by Civil Local Rule 79-5. |
| | (i) Portions of the declaration of Colin Weir; and<br><br>(ii) associated portions of plaintiff's motion for class certification. | The request to seal portions of these documents is **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "relate to, and include . . . internal, non-public" information. |
| 114 | (i) Exhibits 1–6 to the Reyda Declaration; and<br><br>(ii) associated portions of plaintiff's opposition to Citibank's motion to exclude the testimony of Randal Snyder and Colin Weir. | Citibank previously designated these documents confidential pursuant to the protective order in this case. Citibank, however, failed to submit a supporting declaration as required by Local Rule 79-5(e). Therefore, the motion to seal is **DENIED** in its entirety. |
| 120 | (i) Exhibits 1–3 to the declaration of Attorney Joel Smith;<br><br>(ii) portions of Exhibits 4 and 5 to the declaration of Attorney Joel Smith; and<br><br>(iii) associated portions of plaintiff's reply in support of his motion for class certification. | Citibank previously designated the documents confidential pursuant to the protective order in this case. Citibank, however, failed to submit a supporting declaration as required by Local Rule 79-5(e). Therefore, the motion to seal is **DENIED** in its entirety. |

\*         \*         \*

3

### 2. CITIBANK'S ADMINISTRATIVE MOTIONS TO SEAL.

| DKT. NO. | DOCUMENT SOUGHT TO BE SEALED | RULING |
|---|---|---|
| 96 | (i) Exhibits 1 and 2 to the declaration of Amy Mullahey;<br><br>(ii) portions of the declaration of Amy Mullahey;<br><br>(iii) portions of the deposition of Amy Mullahey; and<br><br>(iv) associated portions of Citibank's opposition to plaintiff's motion for class certification. | Compelling reasons warrant the sealing of customer account numbers, phone numbers, and names contained in these documents. To this extent only, this request is **GRANTED**. The request to seal these documents is otherwise **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |
|  | (i) Exhibit 1 to the declaration of Matthew Roe;<br><br>(ii) portions of the declaration of Matthew Roe;<br><br>(iii) portions of the deposition of Matthew Roe; and<br><br>(iv) associated portions of Citibank's opposition to plaintiff's motion for class certification. | Compelling reasons warrant the sealing of customer account numbers, phone numbers, and names contained in these documents. To this extent only, this request is **GRANTED**. The request to seal these documents is otherwise **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |
|  | (i) Portions of the declaration of Elizabeth Barnette; and<br><br>(ii) associated portions of Citibank's opposition to plaintiff's motion for class certification. | The request to seal this information is **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |

**United States District Court**
For the Northern District of California

| | | |
|---|---|---|
| | (i) Portions of the declaration of Todd Meeks;<br><br>(ii) portions of the deposition of Todd Meeks; and<br><br>(iii) associated portions of Citibank's opposition to plaintiff's motion for class certification. | The request to seal this information is **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |
| | (i) Portions of the declaration of Andrew Grayot; and<br><br>(ii) associated portions of Citibank's opposition to plaintiff's motion for class certification. | The request to seal this information is **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |
| | (i) Exhibit 2 to the declaration of Kelly Booth;<br><br>(ii) portions of the declaration of Kelly Booth; and<br><br>(iii) associated portions of Citibank's opposition to plaintiff's motion for class certification. | Compelling reasons warrant the sealing of customer account numbers, phone numbers, and names contained in these documents. To this extent only, this request is **GRANTED**. The request to seal these documents is otherwise **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |

| | | |
|---|---|---|
| | (i) Portions of the deposition of Alan Exelrod; and<br><br>(ii) associated portions of Citibank's opposition to plaintiff's motion for class certification. | Compelling reasons warrant the sealing of customer phone numbers. To this extent only, this request is **GRANTED**. The request to seal these documents is otherwise **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |
| | (i) Portions of the deposition of Colin Weir; and<br><br>(ii) associated portions of Citibank's opposition to plaintiff's motion for class certification. | Compelling reasons warrant the sealing of customer phone numbers and names contained in these documents. To this extent only, this request is **GRANTED**. The request to seal these documents is otherwise **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |
| | (i) Portions of the declaration of David Kalat; and<br><br>(ii) associated portions of Citibank's opposition to plaintiff's motion for class certification. | The request to seal this information is **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |

6

|     | (i) Portions of the declaration of Margaret Daley; and<br><br>(ii) associated portions of Citibank's opposition to plaintiff's motion for class certification. | Compelling reasons warrant the sealing of customer account numbers, phone numbers, and names contained in these documents. To this extent only, this request is **GRANTED**. The request to seal these documents is otherwise **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |
|-----|---|---|
| 126 | The deposition of Margaret Daley. | Compelling reasons warrant the sealing of customer account numbers, phone numbers, and names contained in these documents. To this extent only, this request is **GRANTED**. The request to seal this document is otherwise **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents describe "internal practices, procedures, and information, which are not publicly disseminated." Moreover, this request has not been narrowly tailored as required by Civil Local Rule 79-5. |
| 136 | (i) Portions of the deposition of Colin Weir; and<br><br>(ii) associated portions of Citibank's supplemental opposition to plaintiff's motion for class certification. | The request to seal this information is **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |

| | | |
|---|---|---|
| | (i) Portions of the deposition of Margaret Daley; and<br><br>(ii) associated portions of Citibank's supplemental opposition to plaintiff's motion for class certification. | The request to seal this information is **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |
| | (i) Portions of the deposition of David Kalat; and<br><br>(ii) associated portions of Citibank's supplemental opposition to plaintiff's motion for class certification. | The request to seal this information is **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |
| | (i) Exhibit 1 to the surrebuttal of Margaret Daley;<br><br>(ii) portions of the surrebuttal of Margaret Daley; and<br><br>(ii) associated portions of Citibank's supplemental opposition to plaintiff's motion for class certification. | Compelling reasons warrant the sealing of customer account numbers, phone numbers, and names contained in these documents. To this extent only, this request is **GRANTED**. The request to seal these documents is otherwise **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |

| 140 | Portions of the deposition of Colin Weir. | Compelling reasons warrant the sealing of customer phone numbers and names contained in these documents. To this extent only, this request is **GRANTED**. The request to seal these documents is otherwise **DENIED**. The supporting declaration fails to show even good cause because it merely concludes in generic terms that this information was designated as confidential under a previous protective order and that these documents "include[] proprietary information about Citibank's internal policies and procedures, which are not publicly disseminated and which give Citibank a competitive advantage in the marketplace." |

**IT IS SO ORDERED.**

Dated: May 9, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9