Christopher J. Willis (admitted *pro hac vice*)
willisc@ballardspahr.com
**BALLARD SPAHR LLP**
999 Peachtree Street, Ste. 1000
Atlanta, GA  30309
Telephone: 678.420.9300
Facsimile: 678.420.9301

Daniel JT McKenna (admitted *pro hac vice*)
mckennad@ballardsphar.com
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone: 215.864.8321
Facsimile: 215.864.8999

Marcos D. Sasso (SBN 228905)
sassom@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendant
CITIBANK, N.A.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEREMIAH REVITCH, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CITIBANK, N.A., <br><br> Defendant. | **CASE NO. 3:17-cv-06907-WHA** <br><br> <u>CLASS ACTION</u> <br><br> [Assigned to the Hon. William Alsup] <br><br> **OPPOSITION OF DEFENDANT CITIBANK, N.A. TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> <u>Hearing</u> <br> Date:  June 20, 2019 <br> Time:  8:00 a.m. <br> Location:  Courtroom 12, 19th Floor |

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

**TABLE OF CONTENTS**

## <u>CONTENTS</u>

I.    INTRODUCTION ..................................................................................................... 1

II.    BACKGROUND ...................................................................................................... 2

    A.    The Calls to the 9800 Number ................................................................. 2

    B.    Citibank's Aspect System ........................................................................ 2

    C.    Plaintiff's Flawed Expert Report ............................................................. 3

III.    ARGUMENT ........................................................................................................... 4

    A.    Plaintiff Is Not Entitled To Summary Judgment ...................................... 4

    B.    Citibank had a Reasonable Belief that it had Consent to call the Telephone Number provided by its Customer. ...................................... 5

    C.    Plaintiff is not entitled to Summary Judgment because Citibank does not use an ATDS and Plaintiff Fails to Establish that Citibank Used an ATDS ........... 8

        1.    The Aspect System is not capable of storing or generating "random or sequential" numbers and to dial such numbers. ..................................... 8

        2.    *Marks v. Crunch* does not save Plaintiff's claim. .................................. 11

        3.    The Aspect System's "predictive dialing" capabilities are irrelevant to whether the System is an ATDS. .......................................... 14

IV.    CONCLUSION ..................................................................................................... 15

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*,
No. 15-cv-06314-YGR, 2018 U.S. Dist. LEXIS 132078 (N.D. Cal. Aug. 3, 2018) ..... 12, 13, 14

*ACA Int'l v. Fed. Commc'ns Comm'n*,
885 F.3d 687 (D.C. Cir. 2018) ........................................................................... 5, 6, 11, 14

*Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443 (9th Cir. 1992) ................. 13

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 256 (1986) ......................................................................................................... 4

*Celotex Corp. v. Catrett*,
477 U.S. 317, 323 (1986) ......................................................................................................... 4

*Chesbro v. Best Buy Stores*,
697 F.3d 1230 (9th Cir. 2012) ................................................................................................. 7

*Chyba v. First Fin. Asset Mgmt.*,
No. 12-cv-1721-BEN (WVG), 2013 U.S. Dist. LEXIS 165276 (S.D. Cal. Nov. 20, 2013) ... 6, 7

*City Select Auto Sales, Inc. v. David Randall Assocs.*, No. 11-2658 (JBS/KMW), 2014 U.S. Dist.
LEXIS 134040 (D.N.J. Sep. 24, 2014) ..................................................................................... 7

*Compare Dominguez v. Yahoo, Inc.*,
894 F.3d 116, (3d Cir. 2018) ................................................................................................... 8

*Danehy v. Time Warner Cable Enters.*,
No. 5:14-CV-133-FL, 2015 U.S. Dist. LEXIS 125325 (E.D.N.C. Aug. 6, 2015) ..................... 6

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 S. Ct. 2786 (1993) ................. 4, 10

*Dominguez v. Yahoo!, Inc.*,
8 F. Supp. 3d 637 (E.D. Pa. 2014) .................................................................................. 10, 12

*Emanuel v. L.A. Lakers, Inc.*, No. CV 12-9936-GW(SHx), 2013 U.S. Dist. LEXIS 58842 (C.D.
Cal. Apr. 18, 2013) .................................................................................................................. 7

*Folkerts v. Seterus, Inc.*,
No. 17-C-4171, 2019 U.S. Dist. LEXIS 42347 (N.D. Ill. Mar. 15, 2019) .............................. 13

*Goad v. Censeo Health, LLC,* No. 3:15CV00197 JLH, 2016 U.S. Dist. LEXIS 65992 (E.D. Ark.
May 19, 2016) ........................................................................................................................ 11

*Kammueller v. Loomis, Fargo & Co.*,
383 F.3d 779 (8th Cir. 2004) ................................................................................................... 4

*Keyes v. Ocwen Loan Servicing, LLC*,
335 F. Supp. 3d 951 (E.D. Mich. Aug. 16, 2018) .................................................................. 13

Kilgore v. KeyBank, N.A.,
718 F.3d 1052 (9th Cir. 2013)…………………………………………………………………15

*King v. Time Warner Cable Inc.*,
894 F.3d 473 (2d Cir. 2018) ..................................................................................................... 8

*Lee v. loanDepot.com, LLC*,
No. 14-CV-01084-EFM, 2016 U.S. Dist. LEXIS 110100 (D. Kan. Aug. 17, 2016) ................. 8

*Legg v. Voice Media Grp., Inc.*,
20 F. Supp. 3d 1370 (S.D. Fla. 2014) .............................................................................. 10, 12

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

ii

*Margulis v. Surrey Vacation Resorts, Inc.*, No. 4:14-cv-01131-JAR, 2017 U.S. Dist. LEXIS 7797
(E.D. Mo. May 23, 2017) .................................................................................................. 15

*Marks v. Crunch San Diego, LLC,*
904 F.3d 1041, (9th Cir. 2018) .................................................................................. 8, 14

*Marks*, 904 F. 3d at 1052-53 ................................................................................................ 11

*Marshall v. CBE Grp., Inc.* ................................................................................................... 14

*Marshall v. CBE Grp., Inc.,*
No. 2:16-cv-02406-GMN-NJK, 2018 U.S. Dist. LEXIS 55223 (D. Nev. Mar. 30, 2018) ....... 12

*Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036 (9th Cir. 2012) .................................... 5

*Mohamed v. Am. Motor Co., LLC,*
No. 15-23352-Civ-Cooke/Torres, 2017 U.S. Dist. LEXIS 159766 (S.D. Fla. Sept. 28, 2017) 13

*Mt. Graham Red Squirrel v. Madigan,*
954 F.2d 1441 (9th Cir. 1992) ........................................................................................... 7

*Newhart v. Quicken Loans Inc.,*
No. 9:15-CV-81250, 2016 U.S. Dist. LEXIS 168721 (S.D. Fla. Oct. 12, 2016) ...................... 4

*Pozo v. Stellar Recovery Collection Agency, Inc.*, No. 8:15-cv-929-T-AEP, 2016 U.S. Dist.
LEXIS 146432 (M.D. Fla. Sep. 2, 2016) ............................................................................ 12

*Quick v. Donaldson Co., Inc.,*
90 F.3d 1372 (8th Cir. 1996) .............................................................................................. 4

*Ramos v. Hopele of Fort Lauderdale, Ltd. Liab. Co.*, 334 F. Supp. 3d 1262 (S.D. Fla. 2018) .... 10

*Ryabyshchuck v. Citibank (S.D.) N.A.,*
No. 11-CV-1236, 2012 U.S. Dist. LEXIS 156176 (S.D. Cal. Oct. 30, 2012) ........................... 7

*Schlusselberg v. Receivables Performance Management, LLC*, No. 15-7572 (FLW), 2017 U.S.
Dist. LEXIS 100710, (D.N.J. June 29, 2017) ........................................................................ 11

*Sherman v. Yahoo! Inc.,*
997 F. Supp. 2d 1129  (S.D. Cal. 2014) ............................................................................. 14

*Shupe v. Capital One Bank USA NA,*
No. CV-16-00571, 2018 U.S. Dist. LEXIS 183456 (D. Ariz. Oct. 25, 2018) ........................... 4

Thompson-Harbach v. USAA Fed. Sav. Bank,
359 F.Supp.3d 606 (N.D. Iowa 2019 ………………………………………………………………10

*United States v. Poschwatta,*
829 F.2d 1477, 1483 (9th Cir. 1987) ................................................................................. 13

*Van Patten v. Vertical Fitness Grp.*, LLC, 847 F.3d 1037 (9th Cir. 2017) .................................... 5

**Statutes & Rules**
47 U.S.C. § 227 ....................................................................................................... 1, 4, 8

Federal Rule of Civil Procedure 56(a) ................................................................................... 4

Federal Rule of Evidence 702 ................................................................................... 4, 10, 13

Local Rule 7-3(a) .............................................................................................................. 4, 13


**Other Authorities**


*In re Rules & Regulations Implementing the TCP Act of 1991*, 30 FCC Rcd 7961, 8078, n.312,
2015 FCC LEXIS 1586, ¶ 90  (F.C.C. July 10, 2015) ............................................................ 6

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

iii

*Consumer and Governmental Affairs Bureau Seeks Comment on Interpretation of the Telephone Consumer Protection Act in Light of the D.C. Circuit's ACA Int'l Decision*,
    CG Docket No. 18-152; CG Docket No. 02-278, 33 FCC Rcd 4864
    2018 FCC LEXIS 1496 (May 14, 2018)…………..……………………………………………..7

*Consumer & Governmental Affairs Bureau Seeks Comment on Interpretation of the Tel. Consumer Prot. Act in Light of the D.C. Circuit's ACA Int'l Decision*,
    33 FCC Rcd. 4864 (2018)…………………………………………………………………8

*Consumer & Governmental Affairs Bureau Seeks Further Comment on Interpretation of the Tel. Consumer Prot. Act in Light of the Ninth Circuit's Marks v. Crunch San Diego, LLC Decision*,
    No. 02-278, 33 FCC Rcd 9429, 2018 FCC Lexis 2610 (OHMSV Oct. 3, 2018)…………….8

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

# I.     INTRODUCTION

Plaintiff Jeremiah Revitch's Motion for Summary Judgment (the "Motion") falls short. Plaintiff contends that there is no factual dispute that defendant Citibank, N.A. ("Citibank") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA") by placing nine calls to his cellular telephone number (ending in 9800) using a purported automated telephone dialing system ("ATDS") without his consent.  Contrary to Plaintiff's contentions, the applicable law and facts demonstrate that Plaintiff is not entitled to summary judgment for several reasons:

The Motion fails because Plaintiff has not met, and cannot meet, his burden of proving an ATDS was used to place calls to his cell phone number.  While Plaintiff alleges an ATDS was used, he has not presented any evidence proving this is true.  Rather, he relies exclusively on his purported expert's general opinion that Citibank uses an ATDS, but his expert cannot opine how the 9800 number was actually dialed, largely because Plaintiff did not bother to actually inspect the technology.  In contrast, Citibank's expert did inspect the system and did experience how the 9800 number was actually dialed.  He opined that the system as used to dial the 9800 number required human intervention.  This renders summary judgment in Plaintiff's favor improper. Indeed, even under the most lenient of ATDS definitions, summary judgment is improper here because the trier of fact must weigh these conflicting opinions and determine what, if any, weight to give to an expert who failed to inspect the system he purports to explain.

Even if Plaintiff could prove an ATDS was used, the Motion still fails because the undisputed evidence proves that Citibank had a good faith belief that it had consent to call the 9800 number.  There is no dispute that Citibank received the 9800 number from its own customer and that Citibank called the 9800 number in order to reach that customer regarding his account.  Citibank was entitled to reasonably rely upon the number to reach its customer, which renders summary judgment in favor of Plaintiff improper.

Accordingly, Plaintiff has not established (and cannot establish) his right to judgment on his individual TCPA claim.  The Motion should be denied in its entirety.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

## II.    BACKGROUND

### A.    The Calls to the 9800 Number

There is no dispute that the 9800 number was provided to Citibank by its accountholder, who mistakenly entered the number on Citibank's website believing it to be his own – they differ by only one digit (9800 vs. 4800).[1]  Sasso Decl., Ex. 1 (Exelrod Dep.) 13:1-10, 13:15-24, 14:4-19; Ex. 2 (Declaration of Amy Mullahey ("Mullahey Decl.")) ¶ 15, Ex. 1.  When the customer's account went delinquent, Citibank called the numbers on the account, including the 9800 number.  Citibank placed nine calls to the 9800 number.[2]  Sasso Decl. Ex. 3 (Declaration of Matthew Roe ("Roe Decl.")) ¶ 8).

The notes for the customer's account do not reflect any conversation or contact with anyone at the 9800 number until the fifth call on July 19, 2017.  Based upon call recordings for calls on May 17 and 18, 2017, an unidentified person stated that the calls were to a "wrong" number, however, the person did not identify themselves and did not identify the owner or user of the 9800 number.  Sasso Decl. Ex. 2 (Mullahey Decl., ¶¶ 18-21).  These calls were not noted in the account notes and the 9800 number was not marked in the system as "wrong," per Citibank's policies and procedures.  Sasso Decl. Ex. 2 (Mullahey Decl., ¶¶ 18-21 & Ex. 2).

It was not until July 19, 2017, that Citibank was informed by Plaintiff that the 9800 number belonged to Plaintiff and not Citibank's customer.  The customer's account records reflect that as a result, the Citibank agent marked and updated the 9800 number in Citibank's system, and in the account records, as "wrong."  Sasso Decl. Ex. 2 (Mullahey Decl., ¶¶ 18-22, Ex. 2).  There were no calls to Plaintiff's number after July 19, 2017.  *Id.*

### B.    Citibank's Aspect System

Citibank called the 9800 number using a telephone system provided by Aspect, Inc. (the

---

[1] Except where stated, exhibits are attached to the Declaration of Marcos D. Sasso.  The exhibits include declarations and evidence previously submitted by Citibank in Opposition to Plaintiff's Motion for Class Certification in this matter.

[2] Based upon the record from Citibank's Aspect Dialing System for calls made to the 9800 number, five calls connected to an agent, and four calls are denoted as having detected an answering machine.  Sasso Decl. Ex. 3 (Roe Decl.) ¶ 8, Ex. 1.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

"Aspect System").  Sasso Decl., Ex. 3 (Roe Decl.), ¶¶ 4-5, 8.  The Aspect System does not have, and has never had, the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.  *Id.* (¶ 7); *see also* Sasso Decl. Ex. 4 (Supplemental Declaration of David Kalat ("Kalat Supp. Decl.")), ¶¶ 1, 35.  This means that the Aspect System does not have the capacity to generate random sequences of 10 digits, and then dial them (i.e., "random"), and does not have the capacity to generate 10-digit telephone numbers such that each subsequent 10-digit telephone number value is generated by incrementing the previous value by some integer, for instance "1" (i.e., "sequential").  Sasso Decl. Ex. 3 (Roe Decl.) ¶ 7; Sasso Decl. Ex. 4 (Kalat Supp. Decl.) ¶¶ 35-46.  Instead, the Aspect System is only able to place calls to telephone numbers that are selected by Citibank and loaded onto the System.  Sasso Decl. Ex. 3 (Roe Decl.), ¶ 7; Sasso Decl. Ex. 4 (Kalat Supp. Decl.) ¶ 35.

### C.  Plaintiff's Flawed Expert Report

Plaintiff ignores these facts and points to the opinion of his expert Randall Snyder, who opines that the Aspect System qualifies as an ATDS under the TCPA.  But Mr. Snyder admittedly has not "personally inspect[ed] the equipment at issue in this case."  Supplemental Declaration of Randall A. Snyder ("Supp. Snyder Decl.") (ECF No. 153-1 (Ex. 13)), ¶ 33.  Plaintiff filed Mr. Snyder's first declaration in this case on November 28, 2018 (ECF No. 84-2), and Mr. Snyder was deposed on December 23, 2018.  Sasso Decl., ¶ 6.  Plaintiff filed Mr. Snyder's second declaration on February 1, 2019.  (ECF No. 121-1 at 14.)  Mr. Snyder and Plaintiff made **no** attempt to actually inspect the Aspect System, even after receiving Citibank's expert report in January 2019.  Not only has Mr. Snyder not inspected the Aspect System in this case, he has never inspected, used or analyzed a dialing system from Aspect at all.  Sasso Decl. Ex. 5 (Snyder Dep.), 12:3-13:20.

Rather than base his opinion upon an inspection of the actual system, Mr. Snyder bases his opinion entirely on a review of the manuals applicable to the dialing system, a review of records from the dialing system, and testimony from other witnesses.  Mr. Snyder gathers snippets of phrases from a manual and testimony and claims they prove something about a system that he cannot state can actually do what he claims since he has never seen it operate.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

*See, e.g.*, Supp. Snyder Decl., ¶¶ 28, 32-33.  As a result, as well as for the additional reasons detailed below, Mr. Snyder's expert opinion is unhelpful and should be disregarded, pursuant to L.R. 7-3(a), Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993) ("*Daubert*").

## III.      ARGUMENT

### A.      Plaintiff Is Not Entitled To Summary Judgment

The Court may grant summary judgment only if there "is no genuine dispute as to any material fact," and "the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Plaintiff, as the moving party, bears the initial burden of proof.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  Only when this initial burden is met must the opposing party provide specific facts that show there is a genuine issue for trial.  *Id.*  A court does "not weigh the evidence or attempt to determine the credibility of the witnesses."  *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004) (citation omitted).  Rather, a "court's function is to determine whether a dispute about a material fact is genuine . . . ."  *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996).  A party cannot meet its burden if there is a "complete failure of proof concerning an essential element" of the moving party's case, because such a failure "renders all other facts immaterial," and there can be "no genuine issue as to any material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As pertinent here, to establish a TCPA violation, Plaintiff must prove that Citibank (i) made a call; (ii) using an ATDS; (iii) to his cellular phone.  *See* 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff bears the burden of proof on these elements.  *See e.g.*, *Shupe v. Capital One Bank USA NA*, No. CV-16-00571, 2018 U.S. Dist. LEXIS 183456 at *10 (D. Ariz. Oct. 25, 2018) (granting summary judgment motion because plaintiff failed to prove an ATDS was used); *Newhart v. Quicken Loans Inc.*, No. 9:15-CV-81250, 2016 U.S. Dist. LEXIS 168721, at *5-6 (S.D. Fla. Oct. 12, 2016) ("To recover under the TCPA, a plaintiff must prove that an ATDS was used to call him or her without prior express consent at a number assigned to a cell phone that he or she was the subscriber or user of at the time of each challenged call.") (internal citation omitted).

Under the TCPA, "prior express consent is consent to call a particular telephone number

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

in connection with a particular debt that is given before the call in question is placed." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1039 (9th Cir. 2012). "[P]rior express consent" is a "complete defense" to a TCPA claim. *Van Patten v. Vertical Fitness Grp.*, LLC, 847 F.3d 1037, 1044 (9th Cir. 2017). Because "prior express consent" is not "an element of a plaintiff's prima facie case but is an affirmative defense," the defendant "bears the burden of proof." *Id.* Importantly, the "statutory phrase 'prior express consent' [is] grounded in conceptions of reasonable reliance" by the caller upon the fact that when a customer provides a phone number to be called, the customer gives consent to call that number. *See ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 708 (D.C. Cir. 2018).

As demonstrated herein, Plaintiff is **not** entitled to summary judgment as a matter of law because (1) there is a genuine dispute of material fact regarding whether Citibank had a reasonable belief that it had consent to call the 9800 number, and (2) Plaintiff, as the moving party, has failed to meet his burden of proving that Citibank used an ATDS to call the 9800 number and, at a minimum, the record evidence presents a genuine dispute of material fact that must be resolved by the trier of fact.. Accordingly, the Motion should be denied.

> **B.      Citibank had a Reasonable Belief that it had Consent to call the Telephone Number provided by its Customer.**

There is no dispute that Citibank obtained the 9800 number from its customer, and that Citibank called the number. Plaintiff falsely presumes that all he must prove is that Citibank called the 9800 number and that it belongs to him, not Citibank's customer. However, how Citibank was provided the number and the purpose of the calls is critical to this analysis.

Citibank has "prior express consent" to call a number its customer provided regarding that customer's "particular debt" prior to the calls being placed. *Meyer*, 707 F.3d at 1039. The "statutory phrase 'prior express consent' [is] grounded in conceptions of reasonable reliance." *ACA Int'l*, 885 F.3d at 708. Accordingly, the question is not limited to whether Citibank had "prior express consent" but whether Citibank had a reasonable belief that it had prior express consent to call the number provided by its customer.

Under similar circumstances, courts have held that a calling party's "good faith belief"

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

that it had consent to call precludes TCPA liability, when as here the calling party reasonably relied upon a number provided by its customer.  For example, in *Danehy v. Time Warner Cable Enters.*, No. 5:14-CV-133-FL, 2015 U.S. Dist. LEXIS 125325 (E.D.N.C. Aug. 6, 2015), summary judgment was entered in favor of defendant (a cable service provider) with respect to six calls that were intended for defendant's customer but instead reached a phone number belonging to plaintiff, who is not defendant's customer.  In *Danehy*, defendant's agent called the customer in response to the customer's request for service at a phone number the customer previously provided to defendant.  2015 U.S. Dist. LEXIS 125325 at *3-5.  Unbeknownst to defendant or its agent, the number no longer belonged to the customer and, instead, it belonged to plaintiff.  *Id.*  The court denied plaintiff's claims because the "defendant acted reasonably based on its good faith belief" and, "[u]nder the circumstances presented, defendant's good faith belief that it had consent to call [the number] would make imposition of liability under [the TCPA] unjust."  *Id.* at *15-16.

Likewise, in *Chyba v. First Fin. Asset Mgmt.*, No. 12-cv-1721-BEN (WVG), 2013 U.S. Dist. LEXIS 165276, at *31-32 (S.D. Cal. Nov. 20, 2013), summary judgment was entered in favor of defendant because it had a "good faith belief that it had consent to call" plaintiff's cell phone number based on evidence that plaintiff had given the number to the creditor on whose behalf defendant was calling.  2013 U.S. Dist. LEXIS 165276, at *31-33.  While plaintiff disputed giving consent to the creditor, the court still found for defendant, ruling "it is sufficient that Defendant had a good-faith basis to believe the Plaintiff had provided consent to the creditor," and even if plaintiff were correct that "there was no actual prior consent . . . Defendant still is not liable for acting in good faith upon the information provided to it."  *Id.*

This approach makes sense because the TCPA is **not** a strict liability statute, as expressly stated by the Federal Communications Commission ("FCC"), the federal agency empowered by Congress with the authority to issue rules and regulations regarding the TCPA.  *See In re Rules & Regulations Implementing the TCP Act of 1991*, 30 FCC Rcd 7961, 8078, n.312, 2015 FCC LEXIS 1586, ¶ 90  (F.C.C. July 10, 2015) (noting FCC has "rejected an interpretation of the TCPA that would have imposed strict liability"); *see also ACA Int'l*, 885 F.3d at 705 (noting that

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

FCC has rejected interpreting TCPA as imposing a "traditional strict liability approach" and, instead, the FCC has "read the statute to 'anticipate[] the caller's ability to relay on prior express consent,' which the [FCC] interpreted 'to mean reasonable reliance'") (citation omitted); *Chyba*, 2013 U.S. Dist. LEXIS 165276, at *31 ("It would be incongruous with the larger statutory and regulatory scheme to interpret TCPA to require that a debt collector be liable for acting where it had a good-faith basis for doing so."); *City Select Auto Sales, Inc. v. David Randall Assocs.*, No. 11-2658 (JBS/KMW), 2014 U.S. Dist. LEXIS 134040, at *17 (D.N.J. Sep. 24, 2014) (noting "FCC expressly rejected the notion that the TCPA creates strict liability").  Indeed, the FCC is currently considering whether to issue rules specifically concerning the "reasonable-reliance approach to prior express consent."[3]

While the Ninth Circuit has not yet addressed this issue, it has emphasized that courts should "look to the surrounding circumstances in determining whether particular calls 'run afoul of the TCPA,' and in so doing, courts 'approach the problem with a measure of common sense.'" *Emanuel v. L.A. Lakers, Inc.*, No. CV 12-9936-GW(SHx), 2013 U.S. Dist. LEXIS 58842, at *8 (C.D. Cal. Apr. 18, 2013) (citing *Chesbro v. Best Buy Stores*, 697 F.3d 1230, 1234 (9th Cir. 2012)); *see also Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1453 (9th Cir. 1992) ("Common sense not dogma is what is needed in order to explore the actual meaning of legislative enactments."); *Ryabyshchuck v. Citibank (S.D.) N.A.*, No. 11-CV-1236, 2012 U.S. Dist. LEXIS 156176, at *8-9 (S.D. Cal. Oct. 30, 2012) ("[C]ontext is indisbutably relevant to determining whether a particular call is actionable under the TCPA.") (citing *Chesbro*, 697 F.3d at 1234-35).

The "common sense" approach in this case aligns with the conclusions in *Danehy* and *Chyba* because Citibank indisputably acted reasonably and in good faith in calling the 9800 number provided by its customer regarding that customer's account, thereby precluding

_____

[3] On May 14, 2018, the FCC issued a Public Notice seeking comment on the scope of liability and the meaning of several statutory terms, including ATDS and "called party."  *Consumer and Governmental Affairs Bureau Seeks Comment on Interpretation of the Telephone Consumer Protection Act in Light of the D.C. Circuit's ACA Int'l Decision*, CG Docket No. 18-152; CG Docket No. 02-278, 33 FCC Rcd 4864, *4866-67, 2018 FCC LEXIS 1496, *6 (May 14, 2018). The comment periods closed June 28, 2018.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

7

summary judgment.  At a minimum, the evidence establishes a genuine issue of fact for trial regarding whether Citibank had consent to call the 9800 number.  *See Lee v. loanDepot.com, LLC*, No. 14-CV-01084-EFM, 2016 U.S. Dist. LEXIS 110100, at \*21-22 (D. Kan. Aug. 17, 2016) (even if good faith defense applies, conflicting evidence regarding consent raises a genuine dispute of material fact, precluding summary judgment).  Accordingly, the Motion should be denied in its entirety, and/or, in the alternative, denied with respect to Issue No. 3.

> **C.     Plaintiff is not entitled to Summary Judgment because Citibank does not use an ATDS and Plaintiff Fails to Establish that Citibank Used an ATDS.**
>
> **1.     The Aspect System is not capable of storing or generating "random or sequential" numbers and to dial such numbers.**

The TCPA defines an ATDS as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator . . . [and] to dial such numbers."  47 U.S.C. § 227(a)(1).  The Second, Third and Ninth Circuit Courts of Appeals have reached different conclusions on what type of equipment constitutes an ATDS, leading to a split in authority.  *Compare Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018) (finding that equipment must meet the statutory definition to qualify as an ATDS, i.e., the equipment must have the capacity to operate as an ATDS by generating random or sequential numbers to dial), *King v. Time Warner Cable Inc.*, 894 F.3d 473, 481 (2d Cir. 2018) (proper inquiry is whether a device has the present capacity to function as an ATDS, not whether it could be modified to function as one), *with Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018) (holding that an ATDS "means equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person).").[4]

---

[4] In light of the split in authority, the FCC issued requests for public comment as to the interpretation of an ATDS.  The comment periods are closed, and the FCC is imminently poised to issue guidance on precisely what equipment constitutes an ATDS under the TCPA.  *See Consumer & Governmental Affairs Bureau Seeks Comment on Interpretation of the Tel. Consumer Prot. Act in Light of the D.C. Circuit's ACA Int'l Decision*, 33 FCC Rcd. 4864 (2018); *Consumer & Governmental Affairs Bureau Seeks Further Comment on Interpretation of the Tel. Consumer Prot. Act in Light of the Ninth Circuit's Marks v. Crunch San Diego, LLC Decision*,

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

Although it is his burden, Plaintiff neither contends nor presents evidence that the Aspect System meets the statutory definition of an ATDS.  While Plaintiff cites the testimony of Citibank's expert, Mr. Kalat, and the testimony of two Citibank witnesses, Matthew Roe and Amy Mullahey, none of them testified that Citibank uses a random or sequential number generator.  Indeed, Mr. Kalat, who actually inspected the technology (unlike Plaintiff's expert), explicitly testified that the Aspect System does **not** have this capability.  Sasso Decl. Ex. 6 (Kalat Dep.) 6:15-21.

Moreover, neither Mr. Roe (who was designated by Citibank as the person most knowledgeable regarding the Aspect System) nor Ms. Mullahey were asked a single question about the Aspect System's capabilities in this regard.  Instead, the portions of their testimony cited by Plaintiff deal only with the System's "predictive dialing" capabilities (*see* Motion, at 5:3-9), which, as explained below, are irrelevant to the question of whether the system is an ATDS.  *See also* Sasso Decl. Ex. 6 (Kalat Dep.) 17:13-16 (use of a "predictive dialing" mode "does not [a]ffect whether [the Aspect System] has the capacity to generate random or sequential ten digit numbers, store them, and dial them.").  Thus, this evidence has no bearing on whether the Aspect System satisfies the statutory definition of an ATDS.

Plaintiff attempts to address the ATDS definition through Mr. Snyder's opinions that "sequential" means dialing any two numbers in any order, including from a list of numbers organized by criteria specifically defined by Citibank, but Mr. Snyder's opinion should be disregarded.[5]  According to Mr. Snyder, "sequential" does not mean "iterative," i.e., generating 10-digit telephone number values by increasing the previous value one-by-one incrementally.

---

No. 02-278, 33 FCC Rcd 9429, 2018 FCC Lexis 2610 (OHMSV Oct. 3, 2018).

[5] There is **no** dispute that the Aspect Dialing System does not store or generate **random** numbers to be dialed.  *Compare* Sasso Decl. Ex. 3 (Roe Decl.) ¶ 7 and Ex. 5 (Kalat Supp. Decl.) ¶¶ 2, 28-35 *with* Sasso Decl. Ex. 6 (Kalat Dep.), 65:19-20, 67:3-14, 91:11-13, 91:24-25, 97:18-23.  There is **no** dispute the dialed numbers dialed are customer numbers compiled in a list from Citibank's credit card account records based on criteria defined by Citibank.  Sasso Decl. Ex. 4 (Kalat Supp. Decl.) ¶¶ 2, 28-35; Sasso Decl. Ex. 5 (Snyder Dep.), 94:12-22.  Indeed, Mr. Snyder testified that the Aspect Dialing System does not "somehow create numbers out of thin air. . . ." Snyder Dep. 97:21-23; *see also id.* 65:17-20 ("I didn't opine on the ability to generate random numbers.").

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Supp. Snyder Decl., ¶ 50; Sasso Decl. Ex. 5 (Snyder Dep.), 97:3-98:15, 98:4-99:14, 101:23-102:18, 105:12-19; *see also id.* 102:6-9. ("sequential" means "dial[ing] any two phone numbers in some order and that's a sequence."); Sasso Decl. Ex. 4 (Supp. Kalat Decl.) ¶¶ 36-46.

Mr. Snyder's opinion on the meaning of "sequential" not only defies reason and differs with Mr. Kalat's opinion, but Mr. Snyder's opinion directly contradicts his opinions in prior cases on the same issue.  In *Thompson-Harbach v. USAA Fed. Sav. Bank*, 359 F. Supp. 3d 606, 612 (N.D. Iowa 2019), the court specifically noted that "Plaintiff's expert, Randall Snyder, agreed in a deposition that the Aspect Dialer is not capable of generating random telephone numbers or sequential blocks of telephone numbers for dialing."  In a report submitted by Mr. Snyder in July 2018 in another case, he opined that under the TCPA "sequential" can mean "iterative."  *See also* Sasso Decl. Ex. 5 (Snyder Dep.) 99:19-100:10 & Ex. 33; *see also* Sasso Decl. Ex. 4 (Kalat Supp. Decl.) ¶ 43, Ex. 14.  Under similar circumstances, courts have excluded or refused to consider Mr. Snyder's testimony regarding a system's capabilities.  *See, e.g.*, *Dominguez v. Yahoo!, Inc.*, 8 F. Supp. 3d 637, 643-44 (E.D. Pa. 2014) (finding "Mr. Snyder's definition of the term 'sequence' or 'sequential' fails to raise a material dispute of fact, since it focuses on the manner in which text messages are sent, not the way in which the numbers are generated"); *Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1376 n.4 (S.D. Fla. 2014) (excluding Mr. Snyder's testimony and refusing to consider his opinions in deciding summary judgment); *Ramos v. Hopele of Fort Lauderdale, Ltd. Liab. Co.*, 334 F. Supp. 3d 1262, 1272 n.5 (S.D. Fla. 2018) (disregarding Mr. Snyder's opinions).  As further explained below, the Court should similarly exclude, or refuse to consider, Mr. Snyder's opinions, pursuant to L.R. 7-3(a), as they as they are neither helpful nor reliable and thus do not meet the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993) ("*Daubert*").

Similarly, Plaintiff's argument that the Aspect System is an ATDS because it allegedly dials "automatically" from a list of numbers still is not sufficient to meet Plaintiff's burden. Missing from Plaintiff's analysis is evidence of how the numbers are dialed, i.e., to what extent the numbers can be dialed **without** human intervention.  Even in *Marks v. Crunch San Diego*,

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

the Ninth Circuit recognized dialing from a list of numbers alone is not sufficient; instead, the numbers must be dialed "automatically."  *Marks*, 904 F. 3d at 1052-53; *see also ACA Int'l*, 885 F.3d at 703 (recognizing that the "basic function of an autodialer is the ability to dial numbers without human intervention.") (citation omitted).  Here, the only evidence on this point is that the Aspect System cannot dial without human intervention.  *See* Sasso Decl., Ex. 3 (Roe Decl.), ¶ 7; Sasso Decl. Ex. 6 (Kalat Dep.) 73:10-74:19; Sasso Decl. Ex. 4 (Kalat Supp. Decl.) ¶ 47-48. Based on the record, Plaintiff is not entitled to summary judgment on this issue.  Instead, determining whether the Aspect System is sufficiently devoid of human intervention to constitute an ATDS is an issue for the trier of fact to decide.[6]  *See Sherman*, 997 F. Supp. 2d at 1136 (denying summary judgment).

The undisputed evidence confirms that the Aspect System is only able to place calls to telephone numbers that are selected by Citibank and loaded onto the System.  Sasso Decl. Ex. 3 (Roe Decl.) ¶ 7; Sasso Decl. Ex. 4 (Kalat Supp. Decl.) ¶¶ 2, 28-35; *see also* Motion at 6:21-24. This process—involving actual customer phone numbers specifically selected and loaded based on criteria defined by Citibank—is the antithesis of sequential or random number generation by a piece of equipment.  *See, e.g.*, *Thompson-Harbach*, 359 F. Supp. 3d at 612 (rejecting Mr. Snyder's opinions and holding that the "Aspect Dialer is incapable of using a random number generator to generate random telephone numbers for dialing").

In view of Plaintiff's failure to adduce any evidence to the contrary, it is ***Citibank***—not Plaintiff—that is entitled to summary judgment based on the ATDS issue.  At a minimum, Plaintiff's request for summary judgment on this issue requires rejection.

### 2.    *Marks v. Crunch* does not save Plaintiff's claim.

Plaintiff lazily seeks to overcome his evidentiary, and his expert's, failures by simply

---

[6] In reality, it is Citibank, not Plaintiff, that is entitled to summary judgment on this issue.  *See, e.g.*, *Schlusselberg v. Receivables Performance Management, LLC*, No. 15-7572 (FLW), 2017 U.S. Dist. LEXIS 100710, *3 (D.N.J. June 29, 2017) (granting summary judgment because system required "human intervention" to make calls and therefore fell "outside of the TCPA because it does not constitute an ATDS"); *Goad v. Censeo Health, LLC*, No. 3:15CV00197 JLH, 2016 U.S. Dist. LEXIS 65992, *5 (E.D. Ark. May 19, 2016) (granting summary judgment based on "evidence that [the] telephone system require[d] human intervention to function").

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

pointing to *Marks v. Crunch* and claiming that any system which dials from a list of phone numbers qualifies as an ATDS.  But that argument also falls short because Plaintiff lacks the necessary evidence to support it.  Plaintiff did **not** inspect the Aspect System and Plaintiff's expert did **not** inspect the Aspect System.  Supp. Snyder Decl., ¶ 33.  In fact, Mr. Snyder has never inspected, used or analyzed a dialing system from Aspect.  Sasso Decl. Ex. 5 (Snyder Dep.), 12:3-13:20.  Mr. Snyder's opinion is thus entirely based on his review of the manuals applicable to the dialing system, a review of records from the dialing system, and testimony from other witnesses.  Supp. Snyder Decl., ¶¶ 28, 32-33.  Conversely, Mr. Kalat has actually inspected the Aspect System and concluded that it does not meet the statutory definition of an ATDS. Sasso Decl. Ex. 4 (Kalat Supp. Decl.) ¶¶ 1, 14; Sasso Decl. Ex. 6 (Kalat Dep.) 6:15-7:11, 26:8-21, 32:9-11, 35:12-15, 58:11-16.

Many courts have disregarded and excluded an expert's opinion, **including Mr. Snyder's opinions**, where, as here, the expert failed to inspect the actual system.  *See, e.g. Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 120 (3d Cir. 2018) (excluding Snyder's report as "speculative" and unhelpful because it did "not shed light on the key factual question" of whether the system functioned as an ATDS); *Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, No. 15-cv-06314-YGR, 2018 U.S. Dist. LEXIS 132078, at *20-21 (N.D. Cal. Aug. 3, 2018) (excluding Mr. Snyder's opinion because he "did not examine the machine, but only reviewed the capabilities literature provided by the manufacturer of the Ytel Dialer and information from witnesses who used the device"); *Marshall v. CBE Grp., Inc.*, No. 2:16-cv-02406-GMN-NJK, 2018 U.S. Dist. LEXIS 55223, at *19-21 (D. Nev. Mar. 30, 2018) (denying summary judgment and noting that "Snyder never inspected the LiveVox system at issue in this case"); *Legg*, 2014 U.S. Dist. LEXIS 61322, at *12-17 (rejecting Snyder's testimony as an improper legal conclusion and lacking "an adequate factual foundation" in part because "Snyder's opinion is based primarily upon his review of a client handbook" and because he did not actually inspect the system); *see also Pozo v. Stellar Recovery Collection Agency, Inc.*, No. 8:15-cv-929-T-AEP, 2016 U.S. Dist. LEXIS 146432, at *13-14 (M.D. Fla. Sep. 2, 2016) (holding that expert's declaration "doesn't controvert" evidence that system did not qualify as an ATDS when expert

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

did not actually examine the technology); *Keyes v. Ocwen Loan Servicing, LLC*, 335 F. Supp. 3d 951, 957 (E.D. Mich. Aug. 16, 2018) (excluding expert report regarding capabilities of Aspect equipment as "lack[ing]ed a sufficient factual basis and include[ing] impermissible legal conclusions" since expert did not test the equipment and instead "merely 'reviewed document and manuals'""); *Mohamed v. Am. Motor Co., LLC*, No. 15-23352-Civ-Cooke/Torres, 2017 U.S. Dist. LEXIS 159766, *11 (S.D. Fla. Sept. 28, 2017) (excluding opinion from expert who "did not test or use the software in any way"); *Folkerts v. Seterus, Inc.*, No. 17-C-4171, 2019 U.S. Dist. LEXIS 42347, *23 (N.D. Ill. Mar. 15, 2019) (excluding opinion as "unreliable and unlikely to assist the trier of fact" including because expert failed to actually inspect the equipment).

Consistent with the foregoing authorities, Mr. Snyder's opinions lack adequate factual foundation because he has not inspected the equipment and are improper legal conclusions since he simply parrots *Marks*. Indeed, as messaged, Mr. Snyder's opinion is a purely legal issue. *See Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (opinions of "matters of law" generally inappropriate); *United States v. Poschwatta*, 829 F.2d 1477, 1483 (9th Cir. 1987) ("The court acts as the jury's sole source of the law."). This includes expert testimony on the meaning of the term "automatic telephone dialing system" under the TCPA. *See Abante*, 2018 U.S. Dist. LEXIS 132078, at *20-21 (N.D. Cal. Aug. 3, 2018) (excluding Snyder's opinion); *Legg*, 2014 U.S. Dist. LEXIS 61322, at *12-17 (rejecting Snyder's testimony as an improper legal conclusion); *see also Keyes,* 2018 U.S. Dist. LEXIS 138445 at *3-5; *Strauss v. CBE Grp., Inc.*, No. 15-62026-CIV-COHN/SELTZER, 2016 U.S. Dist. LEXIS 65587, *6 (S.D. Fla. Mar. 23, 2016).

Having not inspected the actual equipment and seen the actual process by which calls are made (let alone testing how the calls were made to the 9800 number), Mr. Snyder's opinion are neither helpful nor reliable. Pursuant to L.R. 7-3(a)

, Citibank objects to, and specifically requests to exclude, Mr. Snyder's opinion and testimony regarding the capabilities of the Aspect System, as they are neither helpful nor reliable and thus do not meet the requirements of Federal Rule of Evidence 702 and *Daubert*.

Even if not excluded, Mr. Snyder's opinions are insufficient to support summary

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

13

judgment as to whether an ATDS was used to call Plaintiff.  Given the competing expert

opinions, the jury will need to weigh the competing opinions and decide whether to give any

weight to the opinion of an expert who never bothered to inspect the system over the opinion of

an expert who did inspect it.  *See, e.g., Abante*, 2018 U.S. Dist. LEXIS 132078 at *20-21

(whether system constitutes an ATDS could not be resolved at summary judgment due to

competing evidence); *Sherman v. Yahoo! Inc.*, 997 F. Supp. 2d 1129, 1136 (S.D. Cal. 2014)

(denying summary judgment based on dispute evidence regarding whether equipment constitutes

an ATDS).

     Accordingly, the Motion should be denied.

### 3.     The Aspect System's "predictive dialing" capabilities are irrelevant to whether the System is an ATDS.

     Finally, that the Aspect System purportedly has "predictive dialing" capabilities is

irrelevant to whether it constitutes an ATDS.  In making this argument, Plaintiff relies upon the

interpretations of the definition of an ATDS, as set forth by the FCC in a 2015 order, but, as

ruled by the D.C. Circuit in *ACA International*, "the FCC's interpretations of the definition of an

ATDS in the 2015 order," as well as "any other prior FCC rules that were reinstated by the 2015

order [regarding the definition of an ATDS] . . . are no longer binding . . . ."  *Marks*, 904 F.3d at

1049; *see also Marshall v. CBE Grp., Inc.*, No. 2:16-cv-02406-GMN-NJK, 2018 U.S. Dist.

LEXIS 55223, at *17 (D. Nev. Mar. 30, 2018) (because *ACA Int'l* "explicitly rejected this

'expansive' interpretation of the TCPA, particularly as that definition pertained to systems that

may not, in fact, have the capacity to dial randomly or sequentially . . . [p]laintiff cannot rely on

the FCC's definition of an ATDS to the extent it includes systems that cannot be programmed to

dial random or sequential numbers, as is the case with some predictive dialers.") (citing *ACA*

*Int'l*, 885 F.3d at 708).

     Here, as detailed above, there is no evidence that the Aspect System has the capacity to

generate random or sequential numbers and to dial them.  Accordingly, that the system may be a

predictive dialer is irrelevant to the ATDS question, and the Motion should be denied.[7]

---

[7] With respect to Issue No. 4 in the Motion, there is no dispute that Citibank placed only 9 calls

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

1

## IV.    CONCLUSION

2      For the foregoing reasons, Citibank respectfully requests that the Court deny the Motion

3   in its entirety.  In addition, Citibank respectfully requests that the Court exclude and/or reject the

4   opinions of Randall Snyder, pursuant to Local Rule 7-3(a).

5   Dated: May 24, 2019                           **BALLARD SPAHR LLP**

6                                                 Christopher J. Willis
                                                  Daniel JT McKenna
7                                                 Marcos D. Sasso

8                                                 By: */s/Marcos D. Sasso*
                                                      Marcos D. Sasso
9
                                                  Attorneys for Defendant Citibank, N.A.
10

11

12

13

14

15

16

17

18

19

20

21

22

23   to the 9800 number and that only 5 connected to an agent, as opposed to an answering machine.
     Assuming Plaintiff can establish the elements for a claim (which he cannot), Plaintiff can only
24   recover $4,500 based on his own admission and concession that he does not seek treble damages
     under the TCPA.  Plaintiff is **not** entitled to attorneys' fees or costs, as the TCPA only permits
25   the recovery of damages, not fees or costs.  *See* 47 U.S.C. § 227(b)(3); *see also Margulis v.*
     *Surrey Vacation Resorts, Inc.*, No. 4:14-cv-01131-JAR, 2017 U.S. Dist. LEXIS 77974, at *6
26   (E.D. Mo. May 23, 2017).  In addition, while the complaint includes a request for injunctive
     relief, there is no basis to award such relief as the conduct complained of by Plaintiff—calls to
27   his cellular telephone number—stopped nearly two years ago.  *See Kilgore v. KeyBank, N.A.*,
     718 F.3d 1052, 1061 (9th Cir. 2013) (denying claim for injunctive relief since challenged conduct
28   had ceased and claims "for all practical purposes" relate only to past harms).

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909

15